**JAMES S. TERRELL, SBN 170409**
15411 Anacapa Road
Victorville, CA 92392
Tel.760-951-5850 Fax.760-952-1085
e-mail: jim@talktoterrell.com

**SHARON J. BRUNNER, SBN 229931**
14393 Park Ave., Suite 101
Victorville, California 92392
Tel: 760-243-9997 Fax: 760-843-8155
e-mail: sharonjbrunner@yahoo.com

**Attorneys for PLAINTIFF JUAN BERMUDEZ**

## UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

**JUAN JOSE BERMUDEZ**
                    **PLAINTIFF,**

vs.
**COUNTY OF SAN BERNARDINO,**
**M. IZQULERDO (#F2753), N.SOUSA**
**(#D2875) and DOES 1-10, INCLUSIVE.**
                    **Defendants.**

**Case Number:** 5:20-cv-438

**COMPLAINT FOR DAMAGES**

1. **Excessive Force 42 USC 1983**
2. **Failure to Intervene 42 USC 1983**
3. **Failure to Provide Medical 42 USC 1983**
4. **Municipal Liability USC 1983**
5. **Failure to Train**
6. **Ratification**
7. **Negligence**
8. **Assault & Battery**
9. **Violation of the Bane Act**
10. **Intentional Infliction of Emotional Distress**
11. **Negligent Infliction of Emotional Distress**

**DEMAND FOR JURY TRIAL**

## <u>COMPLAINT FOR DAMAGES</u>

COMES NOW, PLAINTIFF JUAN BERMUDEZ, for his Complaint against

Defendants **COUNTY OF SAN BERNARDINO**, **M. IZQULERDO (F2753), N. SOUSA (D2875)** and **DOES 1-10,** inclusive, and alleges as follows:

### JURISDICTION AND VENUE

1.       This Court has original jurisdiction pursuant to 28 USC §§1331 and 1343(a)(3)-(4) because PLAINTIFF asserts claims arising under the laws of the United States including 42 USC § 1983 and the First, Fourth, and Fourteenth Amendments of the United States Constitution.

2.       Venue is proper in this Court under 28 USC  § 1391(b) as Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in the district.

3.       PLAINTIFF filed a timely claim under Government Code Section 911.2 on August 28, 2019 and brings pendant actions under state law.

### INTRODUCTION

4.       The 1983 Civil Rights Actions seek compensatory and punitive damages (no punitive damages against County) against the County's involved deputies, for violating various rights under the Civil Rights statutes under the United States Constitution, involving the unjustified and unlawful shooting of the PLAINTIFF, leaving him a person who suffers in pain daily. This action also seeks *Monell* and related actions against the County and pendant State actions.

### PARTIES

5.       PLAINTIFF **JUAN BERMUDEZ**("BERMUDEZ") was, at all times herein mentioned a citizen of the United States of America and a resident of San Bernardino

Complaint for Damages

County over the age of 18.

6.      Defendant **COUNTY OF SAN BERNARDINO** ("COUNTY") is a political subdivision of the State in California with the capacity to sue and be sued. The departments of the County of San Bernardino include San Bernardino Sheriff's Department and its departments and agencies. Employees of the COUNTY OF SAN BERNARDINO have engaged in the acts complained of herein pursuant to the policies, practices and customs of the COUNTY.

7.      Defendant **J M. IZQULERDO (#F2753),** ("IZQULERDO " ) is and was at all times mentioned herein a Deputy employed by the COUNTY. He is being sued in his individual capacity.

8.      Defendant **N.SOUSA (#D2875)** ("SOUSA" ) is and was at all times mentioned herein a Deputy employed by the COUNTY. He is being sued in his individual capacity.

9.      The true names and capacities of DOES 1-10 are unknown to PLAINTIFF, who otherwise sues these Defendants by such fictitious names.  PLAINTIFF will seek to amend this complaint to show the true names and capacities of these Defendants when they are ascertained.  Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein

10.      Defendants DOES 1-8 ("DOE DEPUTIES") are Sheriffs Deputies for the San Bernardino Sheriffs Department. DOE DEPUTIES were acting under color of law

Complaint for Damages

within the course and scope of their duties as deputies for the San Bernardino Sheriff's Department at all relevant times. Also at all relevant times, DOE DEPUTIES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

11.     Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the San Bernardino Sheriff's Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the San Bernardino Sheriff's Department. DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

12.     On information and belief, DOES 1-10 were residents of the County of San Bernardino at the time of the incident.


**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

13.     On March 20, 2019, BERMUDEZ was at his parents' home where he had been staying in a motorhome/recreational vehicle (hereinafter referred as the "RV") adjacent the property located at 15036 Ceries Ave, Fontana, California.

14.     On March 20, 2019 BERMUDEZ was with his friend named Wayne (last name unknown). Both "Wayne" and BERMUDEZ approached the RV where BERMUDEZ was living. As they approached BERMUDEZ' RV, BERMUDEZ saw

4

movement and two armed men behind them . BERMUDEZ was shot from behind multiple times. It is believed that San Bernardino County Deputy M. IZQULERDO (Badge # F2753) and San Bernardino Sheriff's Detective N.SOUSA (Badge #02875) along with other San Bernardino Deputies shot seven or more times. The Deputies DOES 1-8 never identified themselves or gave commands. At all times BERMUDEZ was unarmed and posed no threat to the unidentified Deputies or any other person. The use of deadly force was unjustified and unreasonable.

15.    The COUNTY deputies, IZQULERDO and SOUSA with DOES 1-8, had laid in wait and ambushed BERMUDEZ.

16.    The named Deputy Defendant and DOES 1-8 did not render medical aid, or immediately summon medical aid. The Deputies IZQULERDO and SOUSA, and DOES 1-8 searched for weapons inside the RV, where BERMUDEZ had entered and fallen down after the bullets struck his body.

17.    Finding no weapon, BERMUDEZ waited for medical assistance and the County Deputies performed searches of other area on the property.

18.    BERMUDEZ has suffered and will continue to suffer mental and physical pain and suffering for life due to unjustifiable use of deadly force.

## FIRST CAUSE OF ACTION
## EXCESSIVE FORCE
## (VIOLATION OF 42 U.S.C. § 1983)

Complaint for Damages

**(By PLAINTIFF Against Defendant Deputy IZQULERDO, SOUSA, AND DOES 1-8)**

19.     PLAINTIFF refers to and re-pleads each and every allegation contained in paragraphs 1 through 18 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

20.     BERMUDEZ was unarmed and walking towards his RV, all named Defendants and DOES 1-8 could see BERMUDEZ' hands which showed clearly he was unarmed. IZQULERDO, SOUSA, or DOES 1-8 pointed their weapons directly at BERMUDEZ, an unarmed man and shot him without justifiable cause at least seven times.

21.     BERMUDEZ was unaware that the people shooting at him were law enforcement. The Deputies failed to identify themselves. The deputies never announced "Stop!", "Freeze!" "police!". They instead began shooting their guns at BERMUDEZ.

22.     BERMUDEZ heard no commands, and was essentially ambushed by Defendants IZQULERDO, SOUSA, and DOES 1-8. The first bullet is believed to have hit BERMUDEZ in his back region. . BERMUDEZ lost consciousness after he was struck by the first bullet. Despite BERMUDEZ being rendered unconscious by the first shot, it is believed at least seven more rounds fired and struck BERMUDEZ.

Complaint for Damages

23.    All the above-named Defendants used unlawful excessive force against BERMUDEZ when Deputies IZQULERDO, SOUSA, and DOES 1-8 unjustifiably shot BERMUDEZ in the legs, back, arm, as BERMUDEZ was walking and entering his RV. BERMUDEZ was unarmed at all times and posing no threat to anyone.

24.    Defendants IZQULERDO, SOUSA, 's unjustified shooting deprived BERMUDEZ of his right to be secure in his person against unreasonable search and seizure under the Fourth Amendment to the United States constitution and applied to the states through the Fourteenth Amendment

25.    As a result of the foregoing, BERMUDEZ suffered and continues to suffer great physical pain, and emotional distress on a daily basis.

26.    The conduct of Defendants IZQULERDO, SOUSA, and DOES 1-8 was willful, wanton, malicious and done with reckless disregard of the rights and safety of BERMUDEZ and therefore warrants imposition of exemplary and punitive damages.

27.    The use of deadly force was excessive and unreasonable because BERMUDEZ posed no immediate threat of death or serious bodily injury at the time of the incident. Further, the unreasonable use of deadly force violated the standard for the use of deadly force as established and taught by Police Officer Standards and Training (P.O.S.T.)

28.    The actions of IZQULERDO, SOUSA, and DOES 1-8 deprived BERMUDEZ of his right to be free from state actions of excessive force. The conduct

Complaint for Damages

of using deadly force was unreasonable and objective unreasonable conduct.

BERMUDEZ posed no imminent threat to the Deputies or any other person.

41. As a result of conduct of IZQULERDO, SOUSA, and DOES 1-8, they are liable

for BERMUDEZ' injuries, either because they were integral participants in the

excessive force or because they failed to intervene to prevent these violations.

42. The conduct of IZQULERDO, SOUSA, and DOES 1-8 was willful, wanton,

malicious, and done with an evil motive and intent and with a reckless disregard for

the rights and safety of BERMUDEZ and therefore warrants the imposition of

exemplary and punitive damages.

43. Accordingly, Defendants are liable to BERMUDEZ for compensatory and

punitive damages under 42 U.S.C. § 1983.

### SECOND CAUSE OF ACTION
**(42 U.S.C. §1983)**
**FAILURE TO INTERVENE**
**(PLAINTIFF v SOUSA and DOE SUPERVISOR 9)**

44.    PLAINTIFF hereby re-alleges and incorporates by reference paragraphs 1

through 43 of this Complaint.

45.    Commencing on March 20, 2019, and based upon information and belief,

Defendant SOUSA and unknown Supervisor DOE 9 knew and understood

BERMUDEZ was being subjected to a deprivation of his constitutional rights.

Defendant SOUSA and unknown Supervisor Doe 9 were in the position and had the

Complaint for Damages

duty and authority to intervene to prevent the wrongdoing committed against

PLAINTIFF by Defendants, each of them.

46.     As a direct and proximate result of the Defendants' failure to intervene set

forth above, BERMUDEZ has incurred substantial emotional and physical harm.

47.     It is based upon reason and belief, that IZQULERDO, SOUSA, DOES 1-8

decided to shoot BERMUDEZ and intended to kill him.

48.      On reason and belief, both, and Supervisor DOE 9 were aware

that IZQULERDO and SOUSA intended to use deadly force on BERMUDEZ as they

opened up fire on an unarmed  citizen BERMUDEZ.

49.     By virtue of the foregoing, Defendants, and each of them, violated 42

U.S.C. § 1983, as they were required to protect BERMUDEZ from unconstitutional

and unlawful harm.

### THIRD CAUSE OF ACTION
**FAILURE TO PROVIDE MEDICAL AID (42 U.S.C. § 1983)**
**(PLAINTIFF AGAINST ALL INDIVIDUALLY NAMED DEPUTIES AND
DOE 9)**

50.     PLAINTIFF hereby repeats, re-states, incorporates, each and every allegation in

paragraphs 1 through 49 of this Complaint with the same force and effect as if fully

set forth herein.

51.     Defendants IZQULERDO SOUSA, and DOES 1-8, inclusive, acting

under color of authority as deputies of COUNTY, deprived BERMUDEZ of his rights

Complaint for Damages

under the Fourth Amendments to the U.S. Constitution when said Defendants maliciously, unreasonably and without justification subjected BERMUDEZ to objectively unreasonable and excessive force as delineated in detail in the previous causes of action and demonstrated unreasonable conduct to the health and well-being of BERMUDEZ by failing to summon prompt medical attention for BERMUDEZ.

52.     As a result of the conduct of the Defendants, IZQULERDO, SOUSA, and DOE 9, inclusive, BERMUDEZ suffered injuries and damages.

53.     The applications of excessive force (deadly force) and arrest of BERMUDEZ by the Defendants Deputies was not a good faith effort to restore discipline or order, and said contact was unwarranted as the Defendant deputies were not in threat of death or serious bodily injury. Additionally, BERMUDEZ did not receive medical attention timely. There was a delay by Defendant Deputies in summoning medical attention for BERMUDEZ.

54.     Said seizure and contact, was also a direct and proximate result of the policies, procedures, customs, and practices of the San Bernardino County Sheriff's Department and of Defendant, COUNTY's deliberate indifference to the violations of civil rights cause by said policies, procedures, customs, and practices, as set forth above.

55.     As a result of the conduct of the Defendants IZQULERDO SOUSA, DOE 9, and DOES 1 to 8, inclusive, BERMUDEZ suffered injuries and damages.

Complaint for Damages

56.    The applications of excessive force and arrest of BERMUDEZ, by the

Defendants officers was not a good faith effort to restore discipline or order, and said

contact was unwarranted as the Defendant officers were not in threat of death or

serious bodily injury. There was also a delay in getting medical attention for

BERMUDEZ as they searched for a weapon and failed to assist BERMUDEZ, render

aid, or summon medical aid timely.

57.    As a direct and proximate result of the aforementioned use of excessive force,

the Defendants, IZQULERDO SOUSA, DOE 9, and DOES 1 to 8, inclusive, violated

the Constitutional rights under the Fourth Amendment.

58.    As a direct and proximate cause of the acts of Defendants, and each of them

BERMUDEZ suffered extreme and severe mental anguish and pain. BERMUDEZ has

been injured in mind and body all to BERMUDEZ general damages, which is hereby

sought, according to proof. BERMUDEZ is also claiming medical expenses for

treatment he has and continues to receive.

59.    The aforementioned acts of the Defendants, IZQULERDO SOUSA, DOE 9,

and DOES 1 to 8, inclusive, were willful, wanton, malicious and oppressive thereby

justifying the awarding of exemplary and punitive damages as to each of these

individual Defendants, but not to any public entity.

## FOURTH CAUSE OF ACTION
## MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOMS OR POLICY

Complaint for Damages

**(PLAINTIFF AGAINST COUNTY)**

60.    PLAINTIFF hereby repeats, re-states, incorporates, each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61.    Defendants , IZQULERDO, SOUSA, and DOE DEPUTIES acted under color of law.

62.    Defendants , IZQULERDO, SOUSA, and DOE DEPUTIES 1-8  acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant COUNTY. The incident outlined in the Complaint is consistent with the abuse perpetrated by San Bernardino County on the citizens of San Bernardino County.

63.    The County of San Bernardino and the policy makers have a custom and practice of approving unconstitutional use of excessive force including the use of unlawful deadly force.

64.    A jury returned a  verdict of 33.5 million, against San Bernardino County and Deputy Kyle Woods for excessive force, wrongful death for the shooting of Nathaniel Pickett II. ( *Archibald v. County of San* Bernardino) Case no: 5:2016-cv-01128). Deputies who commit wrongful deaths are not punished. Deputy Kyle woods remains employed with the San Bernardino County Sheriff's Department.

65.    Prior to the above jury verdict in *Archibald*, Deputy Woods shot another

Complaint for Damages

man named Ryan Martinez, for failing to have a license plate light and failure to yield. Ryan Martinez suffered extreme pain and sustained permanent loss of his hand due to the shooting. Again, Deputy Woods remains employed at the San Bernardino Sheriffs department. This was Deputy Wood's second unlawful shooting and still remains on duty as a deputy today.

66.     In *Young v. County of San Bernardino*, Deputies were found to have used excessive force against Young who was shot unjustifiably. (Case # 5:15-cv-01102.) A jury awarded a verdict in favor of the PLAINTIFFs in this case.

67.     A deputy of the San Bernardino Sheriff's Department shot Lajuana Phillips, a five-foot tall mother of three, in the back of her head for a misdemeanor warrant in 2019. (5:18-cv-2532 ) Again, no punishment but actually a status enhancement for the Deputy or terminating the Deputy ever occurred.

68.     On information and belief, Defendants , IZQULERDO, SOUSA, and DOES 1-8 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the excessive force used on BERMUDEZ.

69. The unconstitutional customs or policies of the San Bernardino County include history but no limited to following:


(1)     Using excessive force, including excessive deadly force;

(2)      Providing inadequate training regarding the use of deadly

---

13

force; Employing and retaining as Deputies and other personnel,

including ALL DEPUTIES and DEPUTY , and

IZQULERDO, SOUSA, who Defendants San Bernardino Sherriff's

department

SUPERVISORS including Supervisor Policymaker DOES 9-10 and at all

times material herein knew or reasonably should have known had

dangerous propensities for abusing their authority and for mistreating

citizens by failing to follow written San Bernardino Sherriff's

Department policies and for using excessive force;

(3)     Inadequately supervising, training, controlling, assigning

and disciplining San Bernardino Sherriff's Department deputies and other

San Bernardino Sherriff's Department personnel, including ALL

DEPUTIES including DEPUTY , who Defendants San

Bernardino County Sherriff's Department and DOE 9-10 supervisors

each new or in the exercise of reasonable care should have known had the

aforementioned propensities and character traits.

(4)     By maintaining grossly inadequate procedures for reporting,

supervising, investigating, reviewing, disciplining and controlling the

intentional misconduct by ALL DEPUTIES including DEPUTY

IZQULERDO, SOUSA, and  who are San Bernardino County

Complaint for Damages

Sheriff's Department deputies.

(5)     By having and maintaining an unconstitutional custom and practice of using excessive force and covering up police misconduct. These customs and practices by COUNTY and DOE SUPERVISORS were condoned by said Defendants in deliberate indifference to the safety and rights of its civilian, including BERMUDEZ.

(6)     Failing to adequately discipline COUNTY Sheriff's Deputies, including Defendants DOE DEPUTIES, for the above referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(7)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which Sheriff's deputies do not report other deputies' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another deputy, while following the code, the deputy being questioned will claim ignorance of the other deputies' wrongdoing.

(8) Maintaining a policy of inaction and an attitude of

Complaint for Damages

indifference towards soaring numbers of police shootings and beatings, including by failing to discipline, retrain, investigate, terminate, and recommend deputies for criminal prosecution who participate in shootings and beatings of unarmed people.

70.    By reason of the aforementioned policies and practices of Defendants COUNTY, and DOE SUPERVISORS DOES 9-10, PLAINTIFF experienced and continues to experience severe pain, permanent scarring, loss of motion, and other fully known physical and mental disabilities, for which he is entitled to recover damages.

71.    Defendants COUNTY, AND DOE SUPERVISORS, DOES 9-10 together with various other officials, whether named, or unnamed, had either actual or constructive knowledge of the different policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condoned, tolerate and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies and respect to the constitutional rights of PLAINTIFF, and

other individuals similarly situated.

72.    By perpetuating, sanctioning, tolerating, and ratifying the outrageous

Complaint for Damages

conduct and other wrongful acts, Defendants COUNTY, and DOE SUPERVISORS, acted with an intentional, reckless, callous disregard for the well-being of BERMUDEZ and his constitutional as well as human rights. Defendants COUNTY, DOE SUPERVISORS, and each of their actions were willful, wanton, oppressive malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

73.     Furthermore, the policies, practices, and customs implemented, maintained and still tolerated by Defendants COUNTY, and DOE SUPERVISORS, were affirmatively linked to and were a significantly influential force behind BERMUDEZ' injuries.

## FIFTH CAUSE OF ACTION

### FAILURE TO SUPERVISE AND INADEQUATE TRAINING

### (Against Defendants COUNTY)

74.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

75.     On information and belief, COUNTY failed to properly and adequately train IZQULERDO and SOUSA, including but not limited to, with regard to the use of lethal force.

76.     The training policies of Defendant COUNTY were not adequate to train its

17

officers to handle the usual and recurring situations with which they must deal, including the use of less than lethal and lethal force.

77.     Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately

78.     The failure of Defendant COUNTY to provide adequate training caused the deprivation of BERMUDEZ' rights by Defendants IZQULERDO and SOUSA; that is, Defendants' failure to train is so closely related to the deprivation of BERMUDEZ' rights as to be the moving force that caused the ultimate injury.

79.     Accordingly, Defendants COUNTY and DOES 2-10 each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983

80.     PLAINTIFF is informed, believes and based thereon alleges that Defendants COUNTY failed to supervise Defendants IZQULERDO and SOUSA who repeatedly shot BERMUDEZ. IZQULERDO and SOUSA, with DOES 1-8 shot an unarmed man.

81.     PLAINTIFF is informed, believes and based thereon alleges that Defendants COUNTY knew, or in the exercise of reasonable care should have known that San Bernardino County Sheriff's Department Deputies, including Defendant Deputies IZQULERDO, SOUSA, and DOES 9-10, had a history, propensity, pattern and practice of adhering to the unlawful and unconstitutional police actions described herein and above.

82.     Notwithstanding this information and the history of San Bernardino County

Complaint for Damages

Sheriff's Department Deputies including Defendant Deputies and DOES 9-10,

PLAINTIFF is informed, believes and based thereon alleges that Defendants

COUNTY, and DOES 9-10 failed to properly screen applicants and hire persons who

were psychologically fit for duty. Furthermore, PLAINTIFF contends that the San

Bernardino Sheriff's Department used unreasonable police tactics which lead to the

constitutional violations of BERMUDEZ' constitutional rights as alleged herein and

above.

83.     A jury verdict of 33.5 million, against San Bernardino County and Deputy

Kyle Woods for excessive force, and wrongful death and shooting Nathaniel

II. Woods remains employed as a San Bernardino County Deputy ( *Archibald v.*

*County of San* Bernardino) Case no: 5:2016-cv-01128). Deputies that involved in

wrongful deaths are not punished.

84.     Prior to the above jury verdict in *Archibald*, Deputy Woods shot another

man named Ryan Martinez for alleging failing to have a license plate light and failure

to yield. Martinez suffered extreme pain and remains without complete use of his hand

to this day. Again, Deputy Woods remains employed at the San Bernardino Sheriffs

department. This was Deputy Wood's second unlawful shooting and remains on duty

as a deputy today.

85.     In *Young v. County of San Bernardino*, Deputies were found to have used

excessive force against Mr.Young who was shot unjustifiably. (Case # 5:15-cv-

Complaint for Damages

01102.) The jury returned a verdict in favor of Mr. Young.

86.    Deputy Chadwell shot Miss Trent unjustifiably as is a custom and practice of the San Bernardino Sheriff's department. The unreasonable conduct is consistent with Deputies shootings and demonstrates the deliberate indifference to the rights of citizens as provided by the Fourth Amendment. (*Trent v. County of San Bernardino* 5:2012-cv-02221).

87.    A deputy of the San Bernardino Sheriff's Department shot Lajuana Phillips, a five-foot tall mother of three, in the back of her head for a misdemeanor warrant in 2019. (5:18-cv-2532 ) Again, no punishment but actually a status enhancement for the Deputy or terminating the Deputy ever occurred.

88.    PLAINTIFF is informed , believes and based thereon alleges that Defendants COUNTY, and DOES 9-10 generally failed to train and supervise San Bernardino County Sheriff's Department Deputies, including Defendant Deputies and DOES 9-10, in order to halt and prevent the type of conduct which resulted in violating BERMUDEZ' constitutional rights 99. PLAINTIFF is informed, believes and based thereon alleges that Defendant Deputies and DOES 9-10 have customs, policies, or practices which reject and ignore misconduct of Defendant Deputies and fail to impose discipline. As a result, the custom, practice or policy results in the retention of Deputies such as Deputy Deputies and DOES 9-10 who have a propensity to cause constitutional violations such as use of excessive force, unreasonable seizure, liberty

Complaint for Damages

deprivations, falsification of evidence. The failure to discipline condones, ratifies, promotes or perpetuates San Bernardino County Sheriff's Department Deputies' misconduct and their 'code of silence" and was a moving force behind the violations of Defendants' constitutional rights

89.     PLAINTIFF is informed, believes and based thereon alleges that Defendants COUNTY, and DOES 9-10 expressly or tacitly encouraged, ratified, and/or approved of the acts and/or omissions alleged herein, and knew that such conduct was unjustified and would result in violations of BERMUDEZ' constitutional rights.

90.     As a result of the foregoing, BERMUDEZ was subjected to physical and emotional injuries that were a direct and proximate result of Defendants' failure to maintain customs, policies, practices or procedures to adequately hire, train, supervise and discipline San Bernardino County Sheriff's Department Deputies.

## SIXTH CAUSE OF ACTION

### Municipal Liability – Ratification (42 U.S.C. § 1983)

### (Against Defendants COUNTY and DOES 9-10)

91.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 90 of this Complaint with the same force and effect as if fully set forth herein.

92.     Defendants, IZQULERDO, SOUSA, and DOES 1-8 acted under color of law;

93.     The acts of Defendants , IZQULERDO, SOUSA, and DOES 1-8

Complaint for Damages

deprived BERMUDEZ of his particular rights under the United States

Constitution, by ambushing BERMUDEZ

94.    New graduates of the San Bernardino County Sheriff's Academy are initally

placed in the COUNTY jails, where they are taught to use excessive force and to be

deliberately indifferent to needs (including medical) of inmates. This is the

indoctrination process. Prior to receiving patrol duties, the new deputies are taught

COUNTY's unconstitutional customs and police and the code of silence.

95.    For example, between 2014 and 2016, thirty-three COUNTY inmates filed

lawsuits alleging torture by the COUNTY and its deputies involving violations of 42

USC § 1983. (Case Nos. 5:15-cv-02515-JGB-DTB) Johnny Alcala and fourteen other

inmates sued the COUNTY. Moreover, David Smith filed his own lawsuit (5:15-cv-

02513-JGB-DTB), which outlined years of torture by COUNTY correctional officers

at West Valley Detention Center.

107. The ACLU also brought a class action lawsuit alleging unconstitutional

practice of Lesbian, Gay, Bisexual, and Transgender ("LGBT") inmates at the

COUNTY's WVDC. (Case No. 14-2171-JGB-SP). The ACLU's lawsuit addressed

the trouble of WVDC in denying services in unconstitutional manner, including

failure to make safety checks as mandated by Title

15, and the suit represented approximately 600 individuals.

96.    A jury verdict of 33.5 million, against San Bernardino County and Deputy

Complaint for Damages

Kyle Woods for excessive force, and wrongful death from the unlawful shooting Nathaniel Pickett II. Woods remains employed as a San Bernardino County Deputy (*Archibald v. County of San* Bernardino) Case no: 5:2016-cv-01128). Deputies who commit wrongful deaths are not punished.

97.     Prior to the above jury verdict in *Archibald*, Deputy Woods shot another man named Ryan Martinez for allegedly failing to have a license plate light and failure to yield. Mr.Martinez suffered extreme pain and remains without complete use of his hand to this day. Again, Deputy Woods remains employed at the San Bernardino Sheriffs department. Mr. Martinez' shooting was Deputy Wood's second unlawful shooting yet Deputy Woods remains on duty as a deputy today.

98.     In *Young v. County of San Bernardino*, Deputies were found to have used excessive force against Mr. Young who was shot unjustifiably. (Case # 5:15-cv-01102.) The jury returned a verdict in favor of Mr. Young.

99.     Deputy Chadwell shot Ms.Trent unjustifiably as is a custom and practice of the San Bernardino Sheriff's department. The unreasonable conduct is consistent with Deputies shootings and demonstrates the deliberate indifference to the rights of citizens as provided by the Fourth Amendment. (*Trent v. County of San Bernardino* 5:2012-cv-02221).

100.     A deputy of the San Bernardino Sheriff's Department shot Lajuana Phillips, a five-foot tall mother of three, in the back of her head for a an alleged

Complaint for Damages

misdemeanor warrant in 2019. (5:18-cv-2532 )

101.    Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants , IZQULERDO, SOUSA, and DOES 1-8, ratified Defendants' acts and the basis for them. Upon information and belief, the final policymaker knew of and specifically approved of Defendants , IZQULERDO, SOUSA, and DOES 1-8's acts.

102.    Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants  IZQULERDO, SOUSA, and DOES 1-8 were "within policy."

103.    The aforementioned acts and omissions also caused BERMUDEZ' pain and suffering and loss of enjoyment of life.

104.    Accordingly, Defendants COUNTY and DOES 9-10 each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

## SEVENTH CLAIM FOR RELIEF

### NEGLIGENCE

### (AGAINST ALL IZQULERDO, SOUSA, AND DOES 1-10)

105.    PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 104 of this Complaint.

106.    Defendants and DOES 1-10 inclusive, by and through their respective agents and employees, proximately caused the  severe injuries of BERMUDEZ on

Complaint for Damages

March 20, 2019 as a result of their negligent conduct and/or

negligent failure to act as set-forth herein.

107.    San Bernardino County Sheriff's Deputies including Defendants, have a duty

to use reasonable care to prevent harm or injury to others. This duty includes, but is

not limited to, using appropriate tactics, giving appropriate commands, giving

warnings, and not using any force unless necessary, using less than lethal options, and

only using deadly force as a last resort.

108.    Defendants breached this duty of care. Upon information and belief, the

actions and inactions of Defendants were negligent and reckless, including but not

limited to:

    (a) the failure to properly and adequately assess the need to detain,

        arrest, and use force or deadly force against BERMUDEZ;

    (b) the negligent tactics and handling of the situation with BERMUDEZ,

        including pre-shooting negligence;

    (c) the use of force, including deadly force, against BERMUDEZ;

    (d) the negligent communication of information during the incident;

    (e) the negligent post-shooting conduct, including the failure to provide

        prompt medical care to BERMUDEZ; and

    (f) the failure to properly train and supervise employees,

        including IZQULERDO and SOUSA, including aggressive deadly force

Complaint for Damages

109.    COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of DEPUTY IZQULERDO, SOUSA, and DOES 1-8 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

## EIGHTH CLAIM FOR RELIEF

### ASSAULT AND BATTERY

### (AGAINST ALL DEFENDANTS)

110.    PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 109 of this Complaint.

111.    At or around the dates and places alleged herein, Defendants IZQULERDO, SOUSA, and  while acting within the course and scope of his duties as a Sheriff's Deputy for the San Bernardino County Sheriff's Department, without provocation, warrant, necessity or legal justification, assaulted and battered BERMUDEZ by shooting him seven times. Additionally, IZQULERDO and SOUSA used unreasonable and excessive force and violence, thereby causing BERMUDEZ' injuries as herein described.

112.    Defendants IZQULERDO, SOUSA used unreasonable force against BERMUDEZ, including but not limited to shooting BERMUDEZ.

Complaint for Damages

113.    PLAINTIFF is informed and believes, and upon such information and belief alleges, Defendant DEPUTY IZQULERDO, SOUSA, COUNTY OF SAN BERNARDINO, and DOES 9-10, inclusive, and each of them, are responsible for implementing, maintaining, sanctioning, ratifying, and/or condoning a policy, custom, or practice under with the individual DEFENDANTS committed the aforementioned illegal and wrongful acts.

114.    PLAINTIFF is informed and believes, and upon such information and belief alleges, Defendant IZQULERDO, SOUSA, and DOES 1-10, inclusive, and each of them are liable for the injuries, and damages of BERMUDEZ as they knew, or should have known, the customs, practices, policies and acts of the individual Defendant Deputies IZQULERDO and SOUSA who caused BERMUDEZ' severe injuries and pain, by failing to provide him with safety and the medical attention he required when he was shot multiple times unjustifiably.

115.    As a legal result of all DOE DEFENDANTS and DEPUTY IZQULERDO, SOUSA, acts and omissions as described, BERMUDEZ, suffered a traumatic and brutal assault by DEPUTY IZQULERDO, SOUSA, leading to lifetime of pain, mental trauma, eight bullet wounds and medical expenses in an amount according to proof.

116.    COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of DEPUTY IZQULERDO, SOUSA, and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the

Complaint for Damages

injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

117.    Defendants, and each of them, committed the aforementioned acts and omissions knowingly, willfully, maliciously and with the expressed intent to harm BERMUDEZ and conscious or reckless disregard for the risk of death to BERMUDEZ . By reason thereof, PLAINTIFF seeks punitive and exemplary damages from DEFENDANTS, in an amount according to proof at trial.

118.    PLAINTIFF brings this claim both individually and seeks both compensatory and punitive damages.

## NINTH CLAIM FOR RELIEF

### VIOLATION OF PLAINTIFF's RIGHT TO ENJOY CIVIL RIGHTS

### (Cal. Civ. Code §52.1)

### (AGAINST ALL INDIVIDUAL DEFENDANTS)

119.    PLAINTIFF  re-alleges and incorporates by reference paragraphs 1 through 118 of this complaint.

120.    California Civil Code Section 52.1 (the Bane Act) prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

121.    Conduct that violates the First and Fourth Amendment violates the California

Complaint for Damages

Bane Act.

122.    On information and belief, Defendants IZQULERDO, SOUSA, and  while representing the COUNTY and acting within the course and scope of their duties, intentionally committed acts of violence against BERMUDEZ, including shooting and beating him without justification or excuse, integrally participating and failing to intervene in the above violence, and by denying him necessary medical care. Defendants' actions thus deprived BERMUDEZ of his right to be free from unreasonable searches and seizures and excessive force under the Fourth Amendment.

123.    On information and belief, All named Defendants intentionally and spitefully committed the above acts to discourage BERMUDEZ from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

124.    On information and belief, BERMUDEZ reasonably believed and understood that the violent acts committed by Defendants IZQULERDO, SOUSA, and  were intended to discourage him from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

125.    Defendants' above-described conduct, while acting within the course and scope of their duties for the COUNTY, constituted interference, and attempted interference, by threats, intimidation and coercion, with BERMUDEZ' peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United

Complaint for Damages

States and the State of California, in violation of California Civil Code §52.1.

126.    The conduct of Defendants was a substantial factor in causing PLAINTIFF's harms, losses, injuries, and damages.

127.    COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of DEPUTY IZQULERDO, SOUSA, and DOES 1-8 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

128.    All Defendants and DOES 1-10 are vicariously liable under California law and the doctrine of *respondeat superior.*

129.    The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for BERMUDEZ' rights, justifying an award of exemplary and punitive damages as to Defendants IZQULERDO and SOUSA.

130.    PLAINTIFF brings this claim for compensatory and punitive damages, as well as attorney's fees.

### TENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (AGAINST ALL INDIVIDUAL DEFENDANTS AND DOES 1-10)

131.    PLAINTIFF  re-alleges and incorporates by reference paragraphs 1 through 130 of this complaint.

Complaint for Damages

132.    The conduct of Defendant Deputies IZQULERDO, SOUSA,

and DOES 1-10 was outrageous conduct.

   A) Defendant Deputies shot at an unarmed BERMUDEZ an unknown amount of

      times, striking him 7 times.

   B) Defendant Deputies delayed in getting medical care.

133.    The named Deputy Defendants and DOES 1-10 acted with total disregard such

that their conduct would cause PLAINTIFF emotional distress.

134.    The PLAINTIFF did in fact suffer emotional distress such as fright, horror,

grief, shame at a level with person should suffer.

135.    COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts

of DEPUTY IZQULERDO, SOUSA, and DOES 1-10 pursuant to section 815.2(a) of

the California Government Code, which provides that a public entity is liable for the

injuries caused by its employees within the scope of employment if the employee's act

would subject him or her to liability.

**ELEVENTH CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(PLAINTIFF AGAINST IZQULERDO, SOUSA, and DOES 1-10)**

136.    PLAINTIFF  re-alleges and incorporates by reference paragraphs 1 through

135 of this complaint.

137.    The negligence by named Individual Defendants and DOES 1-10, caused

Complaint for Damages

BERMUDEZ' injuries by their negligent conduct:

   1)  The above named Defendants had an objective duty to act in a reasonable matter.

   2)  The above named Defendants breached that duty.

   3)  The action resulted in 8-9 rounds being shot through BERMUDEZ' body

138.    The PLAINTIFF suffers severe emotional distress.

139.    COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of DEPUTY IZQULERDO, SOUSA, and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

## DAMAGES

As a direct and proximate result of the Defendants acts and/or omissions alleged herein, PLAINTIFF's BERMUDEZ suffered:

      a) Shock, fright, anxiety and mental distress;

      b) Conscious pain and suffering;

      c) Disfigurement of body;

## PRAYER

WHEREFORE, PLAINTIFF prays judgment against Defendants and each of them as follows:

Complaint for Damages

AS TO EACH CAUSE OF ACTION AS APPLICABLE.

1.  For General Damages according to proof;

2.  For Special damages according to proof;

3.  For Exemplary damages as provided by law; in an amount to be proved against each individual Defendant;

4.  For Attorney's Fees pursuant to U.S.C. 1985 and 1988;

5.  For Costs of suit;

6.  For such other and further relief as the Court may deem proper

**Dated:**    March 3, 2020

By:_____/s/ James Terrell_____
James Terrell, Esq
Attorney for PLAINTIFF

**Dated:**    March 3, 2020

By:_____/s/ Sharon J. Brunner_____
Sharon J. Brunner, Esq
Attorney for PLAINTIFF

Complaint for Damages

## **JURY TRIAL DEMANDED**

PLAINTIFF demands a jury trial.

**Dated:**      March 3 2020


                                                    By:_____/s/James Terrell_____
                                                    James Terrell, Esq
                                                    Attorney for PLAINTIFF

Dated:      March 3, 2020


                                                    By:_____/s/ Sharon J. Brunner_____
                                                    Sharon J. Brunner, Esq
                                                    Attorney for PLAINTIFF

34

Complaint for Damages